■ ELLIE KENIGSBERG, an Infant, by Her Mother and Natural Guardian, SANDY KENIGSBERG, et al., Respondents, v BERTRAM D. COHN, Appellant.—In an action to recover damages for medical malpractice, defendant Bertram Cohn appeals from a judgment of the Supreme Court, Kings County (Bellard, J.), entered April 16, 1984, which, upon a jury verdict in favor of the infant plaintiff, awarded her damages in the principal sum of $250,000.

Judgment reversed, on the law, and complaint dismissed.

This medical malpractice action brought on behalf of the infant plaintiff, Ellie Kenigsberg, stems from her parents' dissatisfaction with the conspicuous scarring left on Ellie's thigh as a result of a skin graft taken from that site. The skin graft was made necessary by a third-degree burn to the chest that the then 15-month-old infant sustained in January 1980 after accidentally spilling a cup of hot water on herself. The procedure was performed at Maimonides Hospital by Ellie's

treating physician, the defendant Dr. Bertram Cohn. No claim of malpractice was made with respect to treatment of the burn wound itself.

At trial, no testimony was adduced that Cohn departed from accepted medical practices either in his choice of the thigh as the donor site, or in the manner in which he performed the skin graft or rendered postoperative care. The remaining theory of liability put forth at trial, and that which plaintiffs rely upon on appeal, is Ellie's deprivation of the chance of a better result by Cohn's alleged obstruction of the infant's transfer to the specialized burn-care facility at Cornell Medical Center. No allegations to this effect were contained in the pleadings.

Even assuming, arguendo, that this theory was properly before the jury, a prima facie case has not been made out. The infant plaintiff's parents were free to transfer Ellie out of Maimonides prior to the operation and had in fact made all of the necessary arrangements to do so, including having her signed out of the hospital by the resident physician assigned to the case and having a transfer order entered on the hospital's records. They were told by their insurance carrier, however, that continued coverage was contingent upon certification from the treating physician that the transfer was a medical necessity—in other words, that the necessary treatment could not be obtained at Maimonides. Cohn refused to provide such certification, correctly claiming, as the evidence makes clear, that Maimonides was fully capable of rendering proper treatment. Unable to obtain the certification, the Kenigsbergs were unwilling to go through with the transfer, and instead permitted Cohn to go ahead with the operation.

These facts fail to establish either negligence or proximate cause. Although two experts testified that it would be a departure from accepted medical standards for a physician to obstruct the transfer of a patient to a better facility, their opinions were not based upon the facts as they existed here. In any event, Cohn could not be held to have been negligent for merely refusing to make an untruthful statement to an insurance company. Moreover, the only testimony even remotely suggesting proximate cause was the statement by plaintiffs' expert that over-all results are "usually better" at specialized burn units such as Cornell. Given that there was no testimony that the skin graft procedure would have been done any differently at Cornell, such testimony falls far short of the necessary threshold showing for proximate cause, viz., that the conduct depriving the infant plaintiff of a better

chance of success more probably than not resulted in her injury (see, Mortensen v Memorial Hosp., 105 AD2d 151, 158-159).

In short, because a view of the evidence in the light most favorable to the plaintiffs fails to establish a prima facie case as to any of the theories of liability attempted to be proved at trial, we conclude that, as a matter of law, the jury's verdict was not supported by sufficient evidence (see, Benjamin v City of New York, 64 NY2d 44; Cohen v Hallmark Cards, 45 NY2d 493, 499). Accordingly, the complaint must be dismissed (see, Benjamin v City of New York, supra; Licari v Elliott, 57 NY2d 230, 239-240). We would note, further, that verdicts such as the instant one are more likely to occur where, as here, the trial court commits the error of permitting the jury to return a general verdict when several theories of liability have been postulated (see, Mertsaris v 73rd Corp., 105 AD2d 67, 75, 88). Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.