In the Matter of ROBERTA KAPPUS, Respondent, v GEORGE KAPPUS, Appellant. [616 NYS2d 790] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Braslow, J.), entered November 5, 1992, which denied his objections to an order of the same court (Mrsich, H.E.), entered July 31, 1992, granting the mother a judgment in the principal sum of $17,719.38.

Ordered that the order is modified, on the facts, by sustaining the father's objections only to the extent of reducing his

total liability from $17,719.38 to $16,999.38; as so modified, the order is affirmed, without costs or disbursements.

We do not disturb the Family Court's finding that the father was obligated to pay the cost of his son's college education pursuant to paragraph 5 (B) (3) of the parties' separation agreement. Paragraph 5 (B) (3) specifically provides that, in the event he is financially able to do so, the father must pay for all of the child's expenses, including "tuition, dormitory fees, travelling expenses, expenses for books and supplies, and a reasonable living allowance to be agreed upon between the parties * * * in completing four (4) years of undergraduate college education." Since the record supports the Family Court's finding that the father was financially able to pay for his son's college education and related expenses, the father was obligated, pursuant to the terms of the parties' separation agreement, to do so.

We agree with the Family Court that the father's obligation includes payment for the cost of "advanced placement" tests and for the expenses incurred by the child's attendance at Fordham University and the "Cambridge Experience." Each of these academic endeavors resulted in college credit that could be used toward the completion of an undergraduate college education. Had the father intended to condition his payment of college expenses upon his approval of which college the child was to attend or the time period or the manner in which the child was to complete four years of undergraduate education, he could have done so by including such a provision in the parties' separation agreement.

We disagree, however, with the Family Court's conclusion that the father is liable for the child's allowance. The Hearing Examiner found that the parties had never agreed upon a reasonable living allowance, as specifically required by the separation agreement. We therefore deduct from the father's total liability $720, which represents the allowance as determined by the Hearing Examiner.

We have reviewed the father's remaining contentions and find them to be without merit. Sullivan, J. P., Santucci, Joy and Krausman, JJ., concur.