■ Tali Deutsch et al., Respondents, v Mary Chaglassian et al., Defendants, and Stephen Weiser, Appellant. [896 NYS2d 431]—In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, etc., the defendant Stephen Weiser appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated May 26, 2009, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Stephen Weiser which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against him and substituting therefor a pro-

vision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

"The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage" (*Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]; *see Flanagan v Catskill Regional Med. Ctr.*, 65 AD3d 563, 565 [2009]; *Rebozo v Wilen*, 41 AD3d 457, 458 [2007]). "On a motion for summary judgment, a defendant doctor has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Rebozo v Wilen*, 41 AD3d at 458). In opposition, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

"General allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.*, 68 NY2d at 325). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a jury" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005] [citations omitted]; *see Colao v St. Vincent's Med. Ctr.*, 65 AD3d 660, 661 [2009]).

The defendant Stephen Weiser established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging medical malpractice insofar as asserted against him by submitting, inter alia, an expert physician's affirmation asserting that he did not deviate from the relevant standards of practice. In opposition, the plaintiffs raised triable issues of fact by submitting an affirmation from their expert (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Feinberg v Feit*, 23 AD3d at 519).

Weiser also established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent insofar as asserted against him, and the plaintiff failed to raise a triable issue of fact in opposition (*see* Public Health Law § 2805-d; *see also Schel v Roth*, 242 AD2d 697 [1997]). The Supreme Court should have granted that branch of Weiser's motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against him, since he did not perform

a "non-emergency treatment, procedure or surgery" or "a diagnostic procedure which involved invasion or disruption of the integrity of the body" (Public Health Law § 2805-d [2]).

Weiser's remaining contentions are without merit. Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.