■ JULIO C. CASTRO, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants, and CYRUS O. McCALLA et al., Appellants. [903 NYS2d 152]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendants Cyrus O. McCalla, Tak Kwan, and Judith Mitchell separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated April 20, 2009, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage (see Deutsch v Chaglassian, 71 AD3d 718, 719 [2010]; Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842 [2008]). On a motion for summary judgment, a defendant physician has the burden of establishing the absence of any deviation or departure, or that the patient was not injured thereby (see Deutsch v Chaglassian, 71 AD3d at 719; Rebozo v Wilen, 41 AD3d 457, 458 [2007]). "In opposition, a plaintiff must submit evidentiary facts or materials to rebut the [defendant physician's] prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Deutsch v Chaglassian, 71 AD3d at 719, citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Here, the defendant Cyrus O. McCalla, an obstetrician/ perinatologist who treated the plaintiff's decedent, made a prima facie showing of his entitlement to judgment as a matter of law. McCalla's submissions, which included an expert's affirmation, established that he did not deviate or depart from accepted medical practice in his treatment of the plaintiff's decedent (see Mendez v City of New York, 295 AD2d 487, 488 [2002]). However, the expert's affirmation submitted by the plaintiff in opposition raised a triable issue of fact (see Taylor v Nyack Hosp., 18 AD3d 537, 538-539 [2005]). Accordingly, the Supreme Court properly denied McCalla's motion for summary judgment.

The defendant Tak Kwan, a cardiologist who treated the plaintiff's decedent, filed an untimely motion for summary judgment, and failed to show "good cause" for filing a late motion (see Brill v City of New York, 2 NY3d 648, 651 [2004]). Thus, the Supreme Court properly denied Kwan's motion as untimely.

In moving for summary judgment, the defendant Judith Mitchell, another cardiologist who treated the plaintiff's

decedent, relied on a conclusory expert affirmation. Thus, Mitchell failed to make a prima facie showing of her entitlement to judgment as a matter of law (*see Vincini v Insel*, 1 AD3d 351 [2003]). Accordingly, the Supreme Court properly denied her motion for summary judgment, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Covello, Belen and Hall, JJ., concur.