HELEN SHICHMAN et al., Appellants, v MATTHEW S. YASMER, Respondent. [904 NYS2d 218]—

In an action to recover damages for podiatric malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (LaMarca, J.), entered September 8, 2009, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered October 2, 2009, which, upon the order, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, and the order entered September 8, 2009, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Helen Shichman (hereinafter the plaintiff) presented to the defendant, Dr. Matthew S. Yasmer, a podiatrist, complaining of bunions on both feet. After an initial consultation and acquiring a second opinion, the plaintiff opted to have the defendant perform surgery on both of her feet. Following the surgery, the plaintiff commenced this action. The plaintiff asserted, inter alia, that the manner in which the defendant performed the procedures constituted a departure from accepted podiatric practice, and that, as a result, she suffered injuries. The defendant moved for summary judgment dismissing the complaint. He relied on, among other things, his office notes and medical records as well as an expert affidavit, in which the expert opined that the defendant's performance of the procedures conformed to good and accepted podiatric practice, and did not proximately cause any injuries suffered by the plaintiff. The plaintiffs opposed the defendant's motion, relying on, among other things, the affidavit of an expert whose name had been redacted (*see* CPLR 3101 [d] [1] [i]). The expert, concluding that the defendant's actions did constitute a deviation from accepted practice, relied on, inter alia, the medical records, deposition testimony, and his or her own physical examination of the plaintiff as well as his or her expertise. In reply, the defendant objected to the plaintiffs' expert affidavit on the ground that the plaintiffs failed to serve him with a copy of the expert's physical examination report in compliance with 22 NYCRR 202.17 (b) (1). The defendant asserted that, as a result, the plaintiffs' expert's affidavit, which relied, inter alia, on that physical examination, must be precluded.

In the order appealed from, the Supreme Court agreed with the defendant, precluded the plaintiffs' expert affidavit in its entirety, and, in the absence thereof, found that the plaintiffs failed to raise a triable issue of fact in opposition to the defendant's prima facie showing. Accordingly, the court granted the

defendant's motion for summary judgment dismissing the complaint. The judgment appealed from is in favor of the defendant and against the plaintiffs, dismissing the complaint. We reverse.

A defendant physician moving for summary judgment in a medical malpractice action has the initial burden of establishing, prima facie, either the absence of any departure from good and accepted medical practice or that any departure was not the proximate cause of the alleged injuries (*see Larsen v Loychusuk*, 55 AD3d 560, 561 [2008]; *Sandmann v Shapiro*, 53 AD3d 537 [2008]). " 'In opposition, a plaintiff must submit evidentiary facts or materials to rebut the defendant physician's prima facie showing, so as to demonstrate the existence of a triable issue of fact' " (*Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006 [2d Dept 2010], quoting *Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]).

The defendant here met his initial burden of establishing his entitlement to judgment as a matter of law, which the plaintiffs do not dispute on appeal. In opposition to the defendant's motion, the plaintiffs principally relied on their expert's affidavit. However, as the defendant argued and the Supreme Court found, the plaintiffs failed to satisfy their obligations pursuant to 22 NYCRR 202.17 to serve the defendant with a report concerning their expert's physical examination of the plaintiff. Accordingly, the Supreme Court providently exercised its discretion in precluding so much of the plaintiffs' expert's affidavit as was derived from the expert's physical examination of the plaintiff (*see Neils v Darmochwal*, 6 AD3d 589, 590 [2004]). However, under the circumstances presented here, the Supreme Court improvidently exercised its discretion in precluding the plaintiffs' expert's opinions in the affidavit which were based on other evidence in the case (*id.*). Based on a review of the affidavit, it is clear that the expert's opinions derived from other sources were not "inextricably intertwined" with his or her opinions derived from the physical examination of the plaintiff (*id.*). The expert's opinion, with regard to certain conclusions, was not dependent or based upon the physical examination. For example, the expert's conclusion that the defendant deviated from accepted podiatric practice by performing the procedures at issue at the neck of the first metatarsal rather than at the head of the first metatarsal, as proper practice allegedly demanded, was based, inter alia, on the defendant's own deposition testimony as well as the expert's expertise.

Based on the expert's opinions not dependent on the physical examination, in opposition to the defendant's prima facie show-

ing of entitlement to judgment as a matter of law, the plaintiffs raised a triable issue of fact as to whether the defendant departed from accepted practice and whether such departure was a competent producing cause of the injury. Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Santucci, J.P., Angiolillo, Dickerson and Austin, JJ., concur.