■ SUSAN BRADY, Individually and as Administratrix of the Estate of MARYANN REICHARDT, Deceased, Respondent, v WEST-CHESTER COUNTY HEALTHCARE CORPORATION et al., Appellants. [912 NYS2d 104]—

In an action to recover damages for medical malpractice, wrongful death, and lack of informed consent, the defendants Westchester County Healthcare Corporation, Westchester Medical Center, Steven B. Zelicof, and Specialty Orthopedics appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (DiBella, J.), entered November 12, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendant Winifred Masterson Burke Rehabilitation Center separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the separate motions which were for summary judgment dismissing the causes of action alleging lack of informed consent and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed, without costs or disbursements.

On December 8, 2004, the decedent elected to have the defendant Steven B. Zelicof, M.D., an orthopedic surgeon allegedly employed by the defendant Specialty Orthopedics, perform bilateral knee replacement surgery at Westchester Medical Center.

The surgery was performed without complication. However, a postoperative chest CT scan revealed bilateral pulmonary opacities suspected to represent infection or edema. On December 12, 2004, the decedent was started on intravenous antibiotics. On December 14, 2004, the decedent was cleared for discharge by Dr. Zelicof, and transferred to the Winifred Masterson Burke Rehabilitation Center (hereinafter Burke) for postoperative rehabilitation where she was continued on oral antibiotics. On December 17, 2004, the decedent was found in respiratory arrest in her room at Burke and soon went into cardiac arrest. The decedent was resuscitated and rushed to the hospital; however, after suffering two more cardiac arrests, she died later that day.

The plaintiff, the decedent's sister, commenced this action against Westchester County Healthcare Corporation, Westchester Medical Center, Dr. Zelicof, and Specialty Orthopedics (hereinafter collectively the hospital defendants), as well as Burke, to recover damages for wrongful death, medical malpractice, and lack of informed consent alleging, inter alia, that the defendants failed to diagnose and improperly treated the decedent's aspiration pneumonia. The hospital defendants moved for summary judgment dismissing the complaint insofar as asserted against them, and Burke separately moved for the same relief. The Supreme Court denied both motions.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage (*see Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005 [2010]; *Deutsch v Chaglassian*, 71 AD3d 718 [2010]; *Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]). A defendant physician moving for summary judgment in a medical malpractice action has the initial burden of establishing, prima facie, either the absence of any departure from good and accepted medical practice or that any departure was not the proximate cause of the alleged injuries (*see Shichman v Yasmer*, 74 AD3d 1316, 1318 [2010]; *Larsen v Loychusuk*, 55 AD3d 560 [2008]; *Sandmann v Shapiro*, 53 AD3d 537 [2008]). " 'In opposition, a plaintiff must submit evidentiary facts or materials to rebut the [defendant physician's] prima facie showing, so as to demonstrate the existence of a triable issue of fact' " (*Castro v New York City Health & Hosps. Corp.*, 74 AD3d at 1006, quoting *Deutsch v Chaglassian*, 71 AD3d at 719).

Here, the hospital defendants and Burke met their prima facie burdens of establishing their entitlement to judgment as a

matter of law dismissing the causes of action alleging medical malpractice and wrongful death insofar as asserted against them by submitting, inter alia, an expert physician's affidavit asserting that they did not deviate from the relevant standards of practice, and that any alleged departures were not a proximate cause of the decedent's injuries and death. However, in opposition, the plaintiff raised a triable issue of fact by submitting an affidavit of a physician asserting that the decedent had acquired aspiration pneumonia postoperatively, that the defendants failed to properly diagnose and treat her aspiration pneumonia, and that the defendants' negligence in failing to properly diagnose and treat the decedent's aspiration pneumonia ultimately led to her death (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Feinberg v Feit*, 23 AD3d 517, 519 [2005]).

We do not reach the hospital defendants' and Burke's challenge to the form of the plaintiff's expert affidavit as it is improperly raised for the first time on appeal (*see BTJ Realty, Inc. v Caradonna*, 65 AD3d 657, 658-659 [2009]).

The Supreme Court erred, however, in denying those branches of the separate motions which were for summary judgment dismissing the causes of action alleging lack of informed consent. The hospital defendants and Burke made a prima facie showing of entitlement to judgment as a matter of law establishing that the plaintiff was not alleging that the decedent's injuries and death were due, in whole or in part, to her having undergone "some affirmative violation of [her] physical integrity" in the absence of informed consent (*Karlsons v Guerinot*, 57 AD2d 73, 82 [1977]; *see* Public Health Law § 2805-d; *see also Martin v Hudson Val. Assoc.*, 13 AD3d 419 [2004]; *Sample v Levada*, 8 AD3d 465, 467 [2004]; *Schel v Roth*, 242 AD2d 697 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact, since she did not address those causes of action or specifically oppose those branches of the motions (*see Rebozo v Wilen*, 41 AD3d 457, 459 [2007]).

The appellants' remaining contentions are without merit. Florio, J.P., Belen, Lott and Austin, JJ., concur.