■ ADELINA ALVAREZ et al., Respondents, v BRUCE E. GERBERG et al., Defendants, and BERNARD BECKERMAN et al., Appellants. [922 NYS2d 183]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Bernard Beckerman and Huntington Hospital appeal from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered September 14, 2009, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendant William Michael Martin separately appeals, as limited by his brief, from so much of the same order as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from

by the defendant William Michael Martin, on the law, and that branch of the motion of the defendant William Michael Martin which was for summary judgment dismissing the complaint insofar as asserted against him is granted; and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants Bernard Beckerman and Huntington Hospital; and it is further,

Ordered that one bill of costs is awarded to the defendant William Michael Martin, payable by the plaintiffs, and one bill of costs is awarded to the plaintiffs payable by the defendants Bernard Beckerman and Huntington Hospital.

"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries" (*Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *see Olgun v Cipolla*, 82 AD3d 1186; *Hamilton v Good Samaritan Hosp. of Suffern, N.Y.*, 73 AD3d 697, 698 [2010]). A defendant physician seeking summary judgment in a medical malpractice action "must make a prima facie showing that there was no departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Stukas v Streiter*, 83 AD3d 18, 24 [2011]; *see Brady v Westchester County Healthcare Corp.*, 78 AD3d 1097, 1098 [2010]; *Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006 [2010]; *Ellis v Eng*, 70 AD3d 887, 890 [2010]). If the defendant physician satisfies this prima facie burden, " 'a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact' " (*Stukas v Streiter*, 83 AD3d 18, 24 [2011], quoting *Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]; *see Brady v Westchester County Healthcare Corp.*, 78 AD3d at 1098; *Castro v New York City Health & Hosps. Corp.*, 74 AD3d at 1006).

Here, in support of their motion, the defendants Bernard Beckerman and Huntington Hospital (hereinafter together the Hospital defendants) established their prima facie entitlement to judgment as a matter of law through their submissions, including their expert's affidavit, which showed, prima facie, that their actions were not a departure from good and accepted medical practice. In opposition, however, the plaintiffs submitted their expert's affirmation which raised a triable issue of fact as to whether the Hospital defendants departed from good and accepted medical practice. Accordingly, the Supreme Court properly denied that branch of the Hospital defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

The defendant William Michael Martin established his prima facie entitlement to judgment as a matter of law through his submissions, including his expert affirmation which showed, prima facie, that Martin did not depart from good and acceptable medical practice. In opposition, the plaintiffs failed to raise a triable issue of fact, particularly in light of Martin's limited role in the evaluation and treatment of the decedent Matthew Alvarez. Accordingly, the Supreme Court should have granted that branch of Martin's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Covello, J.P., Angiolillo, Dickerson and Hall, JJ., concur.