◼ JEANNE M. POWELL, Respondent, v JOSEPH F. KASPER, Appellant, et al., Defendant. [921 NYS2d 890]—

In an action to recover damages for legal malpractice, the defendant Joseph F. Kasper appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), entered February 16, 2010, as denied, as untimely, that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this legal malpractice action, the parties entered into a

stipulation providing, inter alia, that, notwithstanding the filing of a note of issue on March 6, 2008, any summary judgment motions were due within 90 days after the completion of depositions (hereinafter the stipulation). Depositions were thereafter completed on April 24, 2009. The defendant Joseph F. Kasper filed a summary judgment motion on August 19, 2009, which was several weeks after the 90-day deadline set forth in the stipulation had passed. In an order dated September 23, 2009, the Supreme Court (Schulman, J.) denied the motion as untimely pursuant to CPLR 3212 (a) since the motion was made more than 120 days after the filing of the note of issue. Kasper moved, inter alia, for leave to renew and reargue his motion for summary judgment, for the first time submitting the stipulation. In an order dated November 25, 2009, Justice Schulman granted that branch of Kasper's motion which was, in effect, for leave to renew and, upon renewal, vacated the determination in the order dated September 23, 2009, and granted Kasper leave to resubmit the underlying summary judgment motion to Justice Kelly. In the order dated November 25, 2009, Justice Schulman, in effect, determined that the terms of the stipulation rendered the motion timely.

In the order appealed from, the Supreme Court (Kelly, J.), inter alia, denied the motion as untimely. Kasper appeals. We affirm that order insofar as appealed from.

At the outset, the doctrine of the law of the case "applies . . . to legal determinations that were necessarily resolved on the merits in [a] prior decision" (*Lehman v North Greenwich Landscaping, LLC*, 65 AD3d 1293, 1294 [2009] [internal quotation marks omitted]). Here, the order dated November 25, 2009, in effect, addressed the parties' arguments as to whether Kasper's summary judgment motion, originally filed on August 19, 2009, was timely pursuant to the parties' stipulation. As such, upon Kasper's resubmission of his summary judgment motion to Justice Kelly, the Supreme Court was barred from making a new determination on the issue of the motion's timeliness (*see Martin v City of Cohoes*, 37 NY2d 162, 165 [1975]; *RPG Consulting, Inc. v Zormati*, 82 AD3d 739 [2011]; *Baldasano v Bank of N.Y.*, 199 AD3d 184, 185 [1993]). However, because the law of the case doctrine does not bind an appellate court (*see Martin v City of Cohoes*, 37 NY2d at 165; *White Plains Plaza Realty, LLC v Town Sports Intl., LLC*, 79 AD3d 1025, 1027 [2010]; *Lehman v North Greenwich Landscaping, LLC*, 65 AD3d at 1295), we must consider whether Kasper's motion was untimely pursuant to the 90-day deadline set forth in the stipulation.

The stipulation provides, in pertinent part, that "[a]ny party may submit a summary judgment motion within 90 days following completion of EBTs." The record indicates that depositions were completed on April 24, 2009.

It is undisputed that Kasper did not file his original summary judgment motion until August 19, 2009, which was several weeks beyond the 90-day deadline set forth in the stipulation. As such, Kasper's summary judgment motion was untimely pursuant to the terms of the stipulation (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 727 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006 [2010]).

We reject Kasper's invitation to interpret the phrase "completion of EBTs," as used in the stipulation, to mean the transcription and/or receipt of all deposition transcripts. The stipulation clearly and unambiguously provides that the 90-day deadline begins to run upon the completion of depositions, with no reference to transcripts (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *Alvarez v Amicucci*, 82 AD3d 687 [2011]). Moreover, had the parties intended the 90-day deadline to begin to run only upon the transcription and/or receipt of all deposition transcripts, they could have drafted the stipulation to make such an intent clear (*see Matter of Kappus v Kappus*, 208 AD2d 538, 539 [1994]).

The parties' remaining contentions are not properly before this Court, without merit, or improperly raised by Kasper for the first time in his reply brief. Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur.