■ MELISSA DEBERRY-HALL, Respondent, v COUNTY OF NASSAU, Appellant. [930 NYS2d 266]—

The plaintiff alleged that she sustained personal injuries on September 9, 2005, when she tripped and fell over a defective portion of the southside walkway to the West Annex of the Nassau County Courthouse in Mineola. The walkway was situated on property owned by the defendant, County of Nassau. The County's records showed that, from September 7, 2005, through September 9, 2005, its employees were present and in the process of repairing the walkways to the Nassau County Courthouse and its West and East Annexes.

The plaintiff filed her note of issue on June 30, 2009. Pursu-

ant to a certification order, motions for summary judgment were due no later than 60 days from the filing of the note of issue (see CPLR 3212 [a]). It is uncontested that the County did not move for summary judgment until September 2, 2009, which was 64 days after the filing of the note of issue.

The Supreme Court denied the motion on the merits. We affirm, but on a different ground.

Contrary to the County's assertion, CPLR 2103 (b) (2) does not add five days for the making of a summary judgment motion where the filing deadline is measured from the filing of the note of issue (see Mohen v Stepanov, 59 AD3d 502, 503 [2009]).

As such, the County's summary judgment motion was untimely pursuant to the 60-day deadline set forth in the certification order (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 727 [2004]; Brill v City of New York, 2 NY3d 648, 652 [2004]; Castro v New York City Health & Hosps. Corp., 74 AD3d 1005, 1006 [2010]). Therefore, the County was required to demonstrate good cause for its failure to timely file its motion, which it failed to do and, thus, it was unnecessary to reach the merits of the motion for summary judgment (see Brill v City of New York, 2 NY3d at 650; Castillo v Valente, 85 AD3d 1080 [2011]; Polanco v Creston Ave. Props., Inc., 84 AD3d 1337, 1341 [2011]; Powell v Kasper, 84 AD3d 915, 916 [2011]; Van Dyke v Skanska USA Civ. Northeast, Inc., 83 AD3d 1049 [2011]; Castro v New York City Health & Hosps. Corp., 74 AD3d at 1006; West Broadway Funding Assoc. v Friedman, 74 AD3d 798, 799 [2010]; Riccardi v CVS Pharmacy, Inc., 60 AD3d 838 [2009]; Finger v Saal, 56 AD3d 606, 606-607 [2008]; Thompson v New York City Bd. of Educ., 10 AD3d 650 [2004]).

Accordingly, we affirm the Supreme Court's denial of the County's motion for summary judgment dismissing the complaint. Skelos, J.P., Eng, Austin and Miller, JJ., concur.