■ EDWIN MAYORQUIN, Appellant, v AP DEVELOPMENT, LLC, Respondent. (And a Third-Party Action.) [939 NYS2d 129]—

The plaintiff was employed by a subcontractor engaged in the renovation of a residence owned by the defendant, AP Development, LLC, when he allegedly fell from the roof and sustained injuries. The plaintiff commenced this action against the defendant alleging violations of, inter alia, Labor Law § 240 (1). The plaintiff filed a note of issue on August 31, 2006. In an order dated April 23, 2007, the Supreme Court, Queens County, struck the case from the trial scheduling calendar, directed the parties to complete depositions and motion practice in an expeditious manner, and granted the plaintiff's motion to extend his time to move for summary judgment on the issue of liability until 60 days after the completion of all discovery. The last deposition was held on August 13, 2009. The plaintiff moved for summary judgment on January 10, 2010, some five months later, without offering any reason for the delay in filing his motion.

The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability as untimely (*see Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 727 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]; *Deberry-Hall v County of Nassau*, 88 AD3d 634 [2011]; *Castillo v Valente*, 85 AD3d 1080 [2011]; *Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006 [2010]; *Joson v G & S Realty 1, LLC*, 68 AD3d 1061 [2009]; *Thompson v New York City Bd. of Educ.*, 10 AD3d 650 [2004]). The plaintiff offered no reason for failing to file his motion within the time directed by the Supreme Court in the order dated April 23, 2007. Contrary to the plaintiff's contention, the Supreme Court's direction that motions be made "expeditiously" after the completion of discovery was not ambiguous as, in the same order, it granted the plaintiff the relief he requested, namely, a 60-day extension

of the time to move for summary judgment on the issue of liability. Since the plaintiff failed to move within those 60 days, the Supreme Court was without discretion to reach the merits of the motion for summary judgment (*see Brill v City of New York*, 2 NY3d at 650; *Deberry-Hall v County of Nassau*, 88 AD3d 634 [2011]; *Castillo v Valente*, 85 AD3d 1080 [2011]; *Castro v New York City Health & Hosps. Corp.*, 74 AD3d at 1006; *Thompson v New York City Bd. of Educ.*, 10 AD3d 650 [2004]).

In light of the foregoing, we need not reach the parties' remaining contentions. Dillon, J.P., Florio, Chambers and Roman, JJ., concur.