In an action to recover damages for podiatric malpractice and lack of informed consent, the defendants Susan Schneidermesser and Susan G. Schneidermesser, DPM, PC., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated July 26, 2011, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs.
“A defendant physician moving for summary judgment in a medical malpractice action has the initial burden of establishing, prima facie, either the absence of any departure from good and accepted medical practice or that any departure was not the proximate cause of the alleged injuries” (Shichman v Yasmer, 74 AD3d 1316, 1318 [2010]). If the defendant physician meets his or her burden, the plaintiff, in opposition, “must submit evidentiary facts or materials to rebut the defendant physician’s prima facie showing, so as to demonstrate the existence of a triable issue of fact” (Shichman v Yasmer, 74 AD3d at 1318).
Here, the defendant Susan Schneidermesser (hereinafter Schneidermesser), a podiatrist who performed a bilateral bunionectomy upon the plaintiff, and the defendant Susan G. Schneidermesser, DPM, EC. (hereinafter together the appellants), made a prima facie showing of their entitlement to judgment as a matter of law dismissing the podiatric malpractice cause of action insofar as asserted against them. The appellants’ submissions, which included a podiatric expert’s affidavit, established that Schneidermesser did not deviate or depart from accepted podiatric practice in her care and treatment of the plaintiff, and that Schneidermesser’s care and treatment of the plaintiff were not proximate causes of the plaintiff’s injuries (see id. at 1318-1319). In opposition, although the plaintiffs contentions regarding Schneidermesser’s alleged failure to perform pre-operative vascular tests should not have been considered (see Dolan v Halpern, 73 AD3d 1117 [2010]; Langan v St. Vincent's Hosp. of N.Y., 64 AD3d 632, 633 [2009]; Golubov v Wolfson, 22 AD3d 635, 636 [2005]), the plaintiff nonetheless raised triable issues of fact through her podiatric expert’s affidavit, including as to whether it was inappropriate to perform a bilateral procedure and whether that alleged departure was a *601 proximate cause of the plaintiff’s injuries (see Shichman v Yasmer, 74 AD3d at 1318-1319). Accordingly, the Supreme Court properly denied that branch of the appellants’ motion which was for summary judgment dismissing the podiatric malpractice cause of action insofar as asserted against them.
The appellants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against them. The appellants’ expert opined that there was increased risk associated with performing the bunionectomy bilaterally, and the deposition testimony of Schneidermesser and the plaintiff, which was submitted by the appellants in support of their motion, revealed a factual dispute as to whether the plaintiff was properly advised of that increased risk. Accordingly, the appellants failed to eliminate all triable issues of fact as to the lack of informed consent cause of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see generally Public Health Law § 2805-d). The Supreme Court, therefore, properly denied that branch of the appellants’ motion which was for summary judgment dismissing that cause of action insofar as asserted against them. Skelos, J.E, Florio, Roman and Miller, JJ., concur.