◼ Beni Doobay et al., Respondents-Appellants, v Leonard Girardi, Appellant-Respondent, et al., Defendants. [961 NYS2d 258]—

In an action to recover damages for medical malpractice, etc., the defendant Leonard Girardi appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated October 5, 2011, as, upon a jury verdict on the issue of liability finding him at fault for the injuries of the plaintiff Beni Doobay, and upon a jury verdict on the issue of damages finding that the plaintiff Beni Doobay sustained damages in the principal sums of $400,000 for past pain and suffering, $550,000 for future pain and suffering, and $15,600 for future medical expenses, denied that branch of his motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict

on the issue of liability and for judgment as a matter of law, and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the defendant Leonard Girardi's motion pursuant to CPLR 4404 (a) which was, in effect, for a new trial on the issue of damages on the ground that they were excessive to the extent of directing a new trial on the issue of damages unless the plaintiff Beni Doobay stipulated to reduce the verdict on the issue of damages for past pain and suffering from the principal sum of $400,000 to the principal sum of $100,000, for future pain and suffering from the principal sum of $550,000 to the principal sum of $150,000, and for future medical expenses from the principal sum of $15,600 to the principal sum of $1,500.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the defendant Leonard Girardi's motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law is granted, and that branch of the defendant Leonard Girardi's motion pursuant to CPLR 4404 (a) which was, in effect, for a new trial on the issue of damages is denied as academic; and it is further,

Ordered that the cross appeal is dismissed as academic in light of our determination on the appeal; and it is further,

Ordered that one bill of costs is awarded to the defendant Leonard Girardi.

In May 2002, the defendant Leonard Girardi performed surgery on the plaintiff Beni Doobay (hereinafter the injured plaintiff) to repair an aortic aneurysm. Following surgery, the injured plaintiff's left vocal cord was paralyzed. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for medical malpractice.

At the trial, Girardi testified that the surgery that the injured plaintiff underwent occurred in an area that contained many nerves. The operative field included the left recurrent laryngeal nerve, which controlled the left vocal cord. The trial witnesses, including the plaintiffs' experts, acknowledged that vocal cord paralysis was a "known" risk of this type of surgery.

Girardi testified that the repair of the injured plaintiff's aortic aneurysm was a "high risk operation," which involved cooling the injured plaintiff's body temperature and cutting off blood flow through the aorta. Girardi was not able to see the left recurrent laryngeal nerve in its entirety, because of its location. Girardi acknowledged that he did not trace the location of the nerve with his finger, because the area in question was a "very tight space," and putting his finger in that space, without

seeing where the finger was going, could have caused "a lot of damage" to the nerve and adjacent structures. In any event, according to Girardi, his failure to trace the nerve did not mean that he could not protect it. Once the blood no longer flowed through the aorta, he separated the aorta from adjoining structures and was able to see exactly where he was cutting, to ensure there was no nerve in the vicinity. He did not cut tissue in an area he could not see.

The plaintiffs' expert, Michael Golding, a board-certified thoracic surgeon, had last performed surgery in 1986. He testified that the left recurrent laryngeal nerve had the consistency of a shoelace, with a distinct feel. According to Golding, the proper procedure was to trace the nerve by touch, to ensure that the nerve was not closer to the aorta than Girardi assumed. Golding testified, with a reasonable degree of medical certainty, that the nerve was damaged during the surgery, and Girardi departed from accepted medical practice when he proceeded without ascertaining exactly where the recurrent laryngeal nerve was. He further testified that Girardi's departure was a substantial factor in causing the injured plaintiff's injury. However, he acknowledged that he did not know whether the injured plaintiff's injury was the result of "a cut, a stretch or a direct trauma" to the nerve.

The jury found Girardi at fault for the injured plaintiff's injuries, and found that the injured plaintiff sustained damages in the principal sums of $400,000 for past pain and suffering, $550,000 for future pain and suffering, and $15,600 for future medical expenses. Upon Girardi's motion pursuant to CPLR 4404 (a), the Supreme Court, inter alia, denied that branch of the motion which was to set aside the jury verdict on the issue of liability and for judgment as a matter of law. The court, however, granted that branch of Girardi's motion which was, in effect, for a new trial on the issue of damages on the ground that they were excessive to the extent of directing a new trial on the issue of damages unless the injured plaintiff stipulated to reduce the verdicts as to damages to the principal sums of $100,000 for past pain and suffering, $150,000 for future pain and suffering, and $1,500 for future medical expenses.

"A motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (*Vittiglio v Gaurino*, 100 AD3d 987, 987-988 [2012]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). "The

requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage" (*Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006 [2010]; *see Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]; *Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]). Here, there was no evidence in the record that the nerve was severed, and Golding's testimony that Girardi's failure to trace the nerve somehow caused the injured plaintiff's injury was pure speculation (*see Rivera v Greenstein*, 79 AD3d 564, 568 [2010]). Accordingly, there was no valid line of reasoning and permissible inferences by which the jury could have rationally concluded that a deviation from accepted community standards of practice by Girardi was a proximate cause of the injured plaintiff's injury (*see id.* at 568).

The parties' remaining contentions need not be addressed in light of our determination. Dillon, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.