■ Myrna Quinones, Respondent, v The Joan and Sanford I. Weill Medical College and Graduate School of Medical Sciences of Cornell University, Appellant. [980 NYS2d 88]—

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered April 11, 2013, which denied the motion of defendant Cornell University, named herein as The Joan and Sanford I. Weill Medical College and Graduate School of Medical Sciences of Cornell University, to extend its time to file an otherwise untimely motion for summary judgment, unanimously affirmed, without costs.

In this action alleging employment discrimination based upon national origin and age, as well as retaliation, in violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-101 *et seq.*), the preliminary conference order, dated January 5, 2011, directed that plaintiff file a note of issue by October 21, 2011 and that any dispositive motions be made within 45 days thereafter. After several extensions, plaintiff's time to file the note of issue was extended to December 21, 2012, giving defendant until January 31, 2013 to move for summary judgment. On February 11, 2013, defendant moved pursuant to CPLR 2004 to modify the preliminary conference order and/or extend its time to move for summary judgment motion until February 19, 2013. Defendant asserted that its counsel had "overlooked" the order setting forth the deadline when reviewing the files and "since [the attorney handling the case] had not personally attended the preliminary conference . . . [he] had no independent recollection of any discussion of this deadline."

In denying the motion, Supreme Court noted that the case had been reassigned to it from Justice Goodman, who had

ordered the 45-day deadline. The court rejected defendant's proffered reason for missing the deadline, stating: "Can you imagine if everyone comes back and says I didn't see the 45 days, and therefore, [the court] should extend it[?] [T]hat means I would have everyone coming back and saying I just missed the deadline, I made an error." The court found that the fact that a different attorney from defense counsel's law firm had attended the preliminary conference at which the deadline was set did not excuse the primarily responsible attorney's missing the deadline. While acknowledging that an extension would be warranted by an attorney's illness, a death in the family, or a computer breakdown caused by Hurricane Sandy, the court saw no justification for granting an extension in this case. The court's view was that the excuse offered was a perfunctory claim of law office failure, and did not rise to the level of good cause.

In seeking to reverse the appealed order, defendant claims that CPLR 3212 (a) requires a showing of good cause for a late summary judgment motion only when the motion is made more than 120 days after the filing of the note of issue. When a party fails to comply with a court-imposed deadline of less than 120 days, defendant argues, the operative statutory provision is CPLR 2004, under which "law office failure" may be considered a factor supporting a finding of good cause. Defendant further contends that, even under CPLR 3212 (a), it has demonstrated good cause for its failure to move within the court-imposed time limit.

It is uncontroverted that defendant's motion was not timely under the schedule set by the preliminary conference order dated January 5, 2011. As the Court of Appeals has repeatedly reiterated, court-ordered time frames are requirements to be taken seriously by the parties (*see Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 81 [2010]; *Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725 [2004]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]). Contrary to the distinction defendant seeks to draw, it does not matter whether a motion for summary judgment has been made more than 120 days after the filing of the note of issue or after the expiration of a shorter time limit set by a court order or stipulation. Whatever the source of the deadline with which a party fails to comply, the lateness may not be excused without a showing of good cause within the meaning of CPLR 3212 (a)—a showing of something more than mere law office failure (*see Polanco v Creston Ave. Props., Inc.*, 84 AD3d 1337, 1341 [2d Dept 2011]; *Powell v Kasper*, 84 AD3d 915, 917 [2d Dept 2011]; *Deberry-Hall v County of Nassau*, 88 AD3d 634, 635 [2d Dept 2011]; *Fine v One Bryant Park, LLC*, 84 AD3d 436 [1st

Dept 2011]; *Riccardi v CVS Pharmacy, Inc.*, 60 AD3d 838 [2d Dept 2009]; *Giudice v Green 292 Madison, LLC*, 50 AD3d 506 [1st Dept 2008]; *Glasser v Abramovitz*, 37 AD3d 194 [1st Dept 2007]). Since the excuse proffered by defendant—that its counsel inadvertently overlooked the date set in the January 5, 2011 preliminary conference order—is a perfunctory claim of law office failure, the motion court providently exercised its discretion in denying defendant's motion. Concur—Friedman, J.P., Acosta, Renwick, Manzanet-Daniels and Gische, JJ.