Previtera v Nath (2018 NY Slip Op 05879)





Previtera v Nath


2018 NY Slip Op 05879


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-01694
 (Index No. 24602/11)

[*1]Ignacio Previtera, respondent-appellant, 
v
Sanjeev Nath, etc., appellant-respondent, et al., defendants.


Bartlett, McDonough & Monaghan, LLP, Mineola, NY (Robert Devine of counsel), for appellant-respondent.
Futterman, Sirotkin & Seinfeld, LLP, Kew Gardens, NY (Martin M. Seinfeld of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Sanjeev Nath appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered January 4, 2016. The order, insofar as appealed from, in effect, denied that branch of the motion of the defendant Sanjeev Nath which was pursuant to CPLR 4404(a) to set aside so much of a jury verdict as was against him and in favor of the plaintiff and for judgment as a matter of law dismissing the complaint insofar as asserted against him. The order, insofar as cross-appealed from, granted that branch of the motion of the defendant Sanjeev Nath which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was against him and in favor of the plaintiff as contrary to the weight of the evidence and for a new trial on limited issues.
ORDERED that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs to the defendant Sanjeev Nath, that branch of the motion of the defendant Sanjeev Nath which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was against him and in favor of the plaintiff and for judgment as a matter of law dismissing the complaint insofar as asserted against him is granted, and that branch of the motion of the defendant Sanjeev Nath which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was against him and in favor of the plaintiff as contrary to the weight of the evidence and for a new trial on limited issues is denied as academic.
On November 5, 2009, the defendant Sanjeev Nath (hereinafter the defendant), an ophthalmologist, performed cataract surgery on the plaintiff's left eye. Certain complications occurred during the surgery, which led the defendant to perform a second surgery on November 12, 2009. After the second surgery, the plaintiff experienced impaired vision in his left eye, and it was discovered that he had sustained peripheral retina detachment during the second left eye surgery. The defendant then referred the plaintiff to a vitreoretinal surgeon, who performed surgery to reattach the plaintiff's left eye retina with limited success.
The plaintiff commenced this medical malpractice action against the defendant, among others. After trial, the jury returned a special verdict finding that the defendant did not depart from good and accepted medical practices in the manner in which he performed the two surgeries [*2]on the plaintiff's left eye. However, the jury found, in effect, that the defendant did depart from good and accepted medical practices by performing the second surgery himself, instead of referring the plaintiff to a vitreoretinal surgeon to perform the second surgery. The jury found that said departure was a substantial factor resulting in harm to the plaintiff, and awarded the plaintiff damages in the sum of $800,000 for past pain and suffering and $450,000 for future pain and suffering.
The defendant then moved, inter alia, pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was against him and in favor of the plaintiff and for judgment as a matter of law dismissing the complaint insofar as asserted against him, or alternatively, to set aside that portion of the verdict as against the weight of the evidence and for a new trial. In an order entered January 4, 2016, the Supreme Court determined that the verdict against the defendant was contrary to the weight of the evidence, and directed a new trial as to the issue of whether the defendant departed from good and accepted medical practices by performing the second eye surgery rather than referring the plaintiff to a vitreoretinal surgeon for that purpose. The defendant appeals and the plaintiff cross-appeals from this order.
A motion for judgment as a matter of law pursuant to CPLR 4404(a) may be granted "only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Tapia v Dattco, Inc., 32 AD3d 842, 844; see Cohen v Hallmark Cards, 45 NY2d 493, 499; Gaspard v Aronoff, 153 AD3d 795, 796). To establish a prima facie case of liability in a medical malpractice action, a plaintiff must prove that the defendant deviated from accepted standards of medical practice and that such deviation proximately caused the plaintiff's injuries (see Gaspard v Aronoff, 153 AD3d at 796; Castro v New York City Health & Hosps. Corp., 74 AD3d 1005, 1006).
Here, there was no valid line of reasoning or permissible inferences which could possibly lead rational persons to the conclusion that the defendant departed from accepted medical practices by performing the second surgery rather than referring the plaintiff to a vitreoretinal surgeon for that purpose. Although the plaintiff's expert testified that the defendant should not have performed the surgery because he did not complete a fellowship in retinal-vitreous surgery, the expert did not adequately account for the defendant's experience performing such surgeries for more than 30 years, and, indeed, did not have specific knowledge of the extent of the defendant's training and experience in that regard.
Additionally, even if the plaintiff established a departure from accepted medical practices, there was no valid line of reasoning or permissible inferences which could possibly lead rational persons to the conclusion that such departure was a substantial factor in causing the plaintiff's injuries. A plaintiff can make a prima facie showing of proximate cause by presenting evidence from which the jury may infer that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased the injury, even if the expert cannot quantify the extent to which the defendant's act or omission decreased the plaintiff's chance of a better outcome or increased the injury (see Goldberg v Horowitz, 73 AD3d 691, 694; Alicea v Ligouri, 54 AD3d 784). Here, however, the opinion of the plaintiff's expert that the defendant's conduct diminished the plaintiff's chance of a better outcome or increased the injury because, generally, a lack of experience increases the complication rate of the medical procedure, was too speculative to establish that "it was more probable than not" that the defendant's purported deviation was a substantial factor in causing the injury (Goldberg v Horowitz, 73 AD3d at 694 [internal quotation marks omitted]; see Kenigsberg v Cohn, 117 AD2d 652, 653-654).
Accordingly, the branch of the defendant's motion which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was against him and in favor of the plaintiff and for judgment as a matter of law dismissing the complaint insofar as asserted against him should have been granted.
The plaintiff's remaining contentions either are without merit or need not be reached [*3]in light of our determination.
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court