■ JONADEL RODRIGUEZ, an Infant, by His Mother and Natural Guardian, MARIBEL RODRIGUEZ, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Defendants, and MATERNITY INFANT CARE—FAMILY PLANNING PROJECTS et al., Appellants. [666 NYS2d 179] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about June 19, 1997, which denied a motion by defendants-appellants

Maternity Infant Care—Family Planning Projects, Medical and Health Research Association of New York City, Inc., and Georgia Rose for summary judgment dismissing the complaint against movants, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

The gravamen of plaintiff's claim against appellants is that they failed to refer the infant's mother to a physician for an immediate cesarean section on June 19, 1992. On June 22, 1992, however, when defendant Suarez, a physician, examined the mother, she came to the conclusion that a cesarean section was unnecessary. Two other physicians, Bourne and defendant White, examined the mother on June 23, 1992, and reached the same conclusion. In light of the determinations on June 22 and 23, 1992 by three physicians to proceed with a vaginal delivery, there is no basis upon which to conclude that a referral by appellants on June 19, 1992 would have resulted in a different course of action. Accordingly, we find plaintiff failed to demonstrate that the alleged failure was a substantial factor in causing plaintiff's injuries.

The IAS Court erred in denying the motion, made in March 1997, as untimely. The 120 day period for making a summary judgment motion under the amendment of CPLR 3212 (a) in 1996 begins to run from its effective date of January 1, 1997 (*Phoenix Garden Rest. v Chu*, 245 AD2d 164 [released herewith]. Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Colabella, JJ.