■ ARTHUR R. POBLOCKI, Individually and as Administrator of the Estate of EILEEN M. POBLOCKI, Deceased, Respondent, v CARMEN TODORO, M.D., et al., Defendants, and McAULEY SETON HOME CARE, Appellant. [856 NYS2d 327]—

Memorandum: Plaintiff commenced this action seeking damages for the alleged medical malpractice of defendants in their diagnosis and treatment of his wife (decedent), who sustained a cerebral vasospasm following a craniotomy and clipping of a leaking aneurysm, resulting in neurological impairment and, eventually, in death. We conclude that Supreme Court erred in

denying those parts of the motion of McAuley Seton Home Care (defendant) for summary judgment dismissing the first cause of action, for negligence, the third cause of action, for loss of services and consortium, and the cross claim against it, and we therefore modify the order accordingly. Defendant met its initial burden by demonstrating that its nursing staff complied with orders given by decedent's physician, including the revised order that home care nursing visits need not be conducted over the weekend, and those orders were not "so clearly contraindicated by normal practice that ordinary prudence require[d] inquiry [by defendant] into the correctness of the orders" (*Toth v Community Hosp. at Glen Cove*, 22 NY2d 255, 265 [1968], *rearg denied* 22 NY2d 973 [1968]; *see Walter v Betancourt*, 283 AD2d 223, 224 [2001]; *Nagengast v Samaritan Hosp.*, 211 AD2d 878, 880 [1995]).

Plaintiff failed to raise a triable issue of fact sufficient to defeat those parts of defendant's motion with respect to the first and third causes of action and the cross claim (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We note in particular that the redacted affidavits of plaintiff's experts are both speculative and conclusory inasmuch as they fail to set forth the manner in which the actions of defendant or its nursing staff deviated from the standard of care (*see Selmensberger v Kaleida Health*, 45 AD3d 1435, 1436 [2007]; *Moticik v Sisters Healthcare*, 19 AD3d 1052, 1053 [2005]). Plaintiff also failed to submit evidence raising a triable issue of fact whether defendant's actions were a proximate cause of decedent's injuries and death, i.e., evidence that earlier detection of decedent's aneurysm and performance of the procedures would have prevented decedent from developing a cerebral vasospasm (*see Rodriguez v New York City Health & Hosps. Corp.*, 245 AD2d 174, 175 [1997]; *Bartha v Lombardo & Assoc.*, 212 AD2d 494 [1995]; *see also Sawczyn v Red Roof Inns, Inc.*, 15 AD3d 851, 852 [2005], *lv denied* 5 NY3d 710 [2005]). Present—Scudder, P.J., Hurlbutt, Lunn, Pine and Gorski, JJ.