■ JEANNIE LAU et al., Respondents, v STEPHEN WAN et al., Defendants, and JOYCE CHEUNG, Appellant. [940 NYS2d 662]—

In an action to recover damages for medical malpractice, etc., the defendant Joyce Cheung appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated April 6, 2011, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her and her alternative application to direct the plaintiffs' expert witness to submit to a hearing pursuant to *Frye v United States* (293 F 1013 [1923]) and *Parker v Mobil Oil Corp.* (7 NY3d 434 [2006]).

Ordered that the appeal from so much of the order as denied the application to direct the plaintiffs' expert witness to submit to a hearing pursuant to *Frye v United States* (293 F 1013 [1923]) and *Parker v Mobil Oil Corp.* (7 NY3d 434 [2006]), is dismissed on the ground that such portion of the order is not appealable as of right (*see* CPLR 5701 [a] [2]), and we decline to grant leave to appeal, and on the ground that the appeal from that portion of the order has been rendered academic in light of our disposition herein; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the motion of the defendant Joyce Cheung for summary judgment dismissing the complaint insofar as asserted against her is granted; and it is further,

Ordered that one bill of costs is awarded to the appellant, payable by the plaintiffs.

On April 2, 2004, the plaintiff Jeannie Lau gave birth to the infant plaintiff, Chloe Soo-Hoo (hereinafter the child), at the defendant hospital Beth Israel Medical Center (hereinafter Beth Israel). The defendant physician Stephen Wan delivered the child vaginally. The child, who was macrosomic (i.e., extra large) at the time of birth, suffered an Erb's palsy/brachial plexus injury during delivery. The defendant physician Joyce Cheung, an employee of the defendant medical practice Stephen Wan, M.D., PLLC, had provided most of Lau's prenatal treatment up to her last visit on March 29, 2004. Wan was the last physician to treat Lau prenatally when, on April 1, 2004, he treated her prior to delivering the child the next day.

The plaintiffs commenced this action alleging, inter alia, that Cheung deviated from accepted medical practice when, after estimating the child's fetal weight on March 29, 2004, to be 3,700 grams, she failed to recommend delivering the child by cesarean section rather than vaginally. The plaintiffs alleged that Lau's gestational diabetes increased the likelihood that, at birth, the child would be of a large size, thus warranting a cesarean section, and that the injuries suffered by the child could have been prevented had she been delivered by cesarean

section. Cheung moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated April 6, 2011, the Supreme Court, inter alia, denied the motion, concluding that triable issues of fact existed. Cheung appeals, and we reverse the order insofar as reviewed.

The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of medical practice, and evidence that such deviation or departure was a proximate cause of injury or damage (*see Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005 [2010]; *Deutsch v Chaglassian*, 71 AD3d 718, 719 [2010]; *Geffner v North Shore Univ. Hosp.*, 57 AD3d 839, 842 [2008]). A defendant physician moving for summary judgment in a medical malpractice action has the initial burden of establishing, prima facie, either the absence of any departure from good and accepted medical practice or that any departure was not the proximate cause of the alleged injuries (*see Shichman v Yasmer*, 74 AD3d 1316 [2010]; *Larsen v Loychusuk*, 55 AD3d 560, 561 [2008]; *Sandmann v Shapiro*, 53 AD3d 537 [2008]).

Cheung met her initial burden of demonstrating that she did not deviate from accepted medical practice in declining to recommend that Lau deliver the child by cesarean section, through, inter alia, her expert's affidavit, in which the expert opined that, as of the last date of treatment of Lau, Cheung correctly estimated the fetal weight of the child at 3,700 grams, which was below the threshold of macrosomia and, thus, given that Lau's gestational diabetes was under control and her pregnancy otherwise normal, delivery by cesarean section was not indicated. Further, Cheung demonstrated, prima facie, that her alleged malpractice was not a proximate cause of the plaintiffs' injuries, through evidence showing that Lau's condition had dramatically changed during the several days after her last visit with Cheung. Specifically, during that time period, Lau gained 4.5 pounds and, by the time of her subsequent visit with Wan, Wan decided to deliver the child vaginally despite observing shoulder dystocia in utero during labor (*see Rodriguez v New York City Health & Hosps. Corp.*, 245 AD2d 174 [1997]).

In opposition to Cheung's prima face showing, the plaintiffs failed to raise a triable issue of fact (*see generally Castro v New York City Health & Hosps. Corp.*, 74 AD3d at 1005; *Deutsch v Chaglassian*, 71 AD3d at 719). Since the expert affidavits they submitted were conclusory, speculative, and without basis in the record, they were insufficient to defeat summary judgment (*see Andreoni v Richmond*, 82 AD3d 1139 [2011]; *Ellis v Eng*, 70 AD3d 887 [2010]; *Micciola v Sacchi*, 36 AD3d 869, 871-872 [2007]).

Accordingly, the Supreme Court should have granted Cheung's motion for summary judgment dismissing the complaint insofar as asserted against her.

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.P., Eng, Hall and Sgroi, JJ., concur.