In the interests of justice, we deem plaintiffs notice of appeal from the order a valid notice of appeal from the judgment (see CPLR 5520 [c]; Robertson v Greenstein, 308 AD2d 381 [1st Dept 2003], lv dismissed 2 NY3d 759 [2004]).
Defendants established prima facie, by submitting the hospital records and an expert affirmation, that Dr. Vernenkar’s limited emergency treatment of the decedent, which concluded with the decedent’s transfer to the intensive care unit in stable condition, did not depart from accepted medical practices and was not the proximate cause of the injuries claimed in this case. In opposition, plaintiffs failed to raise an issue of fact. Their expert’s opinion that Dr. Vernenkar departed from accepted standards of medical care was conclusory and speculative; it failed to address, inter alia, the nature of Dr. Vernenkar’s role and duties as a trauma surgeon. In the absence of any malpractice by Dr. Vernenkar, the hospital cannot be held vicariously liable for injuries claimed herein.
The claim of medical malpractice based on a lack of informed consent fails because such a claim is limited “to those cases *638 involving either (a) non-emergency treatment, procedure or surgery, or (b) a diagnostic procedure which involved invasion or disruption of the integrity of the body” (Public Health Law § 2805-d [2]). Concur — Friedman, J.P., Acosta, Renwick, Richter and Román, JJ.