In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated October 4, 2011, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
“The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of medical practice, and evidence that such deviation or departure was a proximate cause of injury or damage (see Castro v New York City Health & Hosps. Corp., 74 AD3d 1005 *966 [2010]; Deutsch v Chaglassian, 71 AD3d 718, 719 [2010]; Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842 [2008]). A defendant physician moving for summary judgment in a medical malpractice action has the initial burden of establishing, prima facie, either the absence of any departure from good and accepted medical practice or that any departure was not the proximate cause of the alleged injuries (see Shichman v Yasmer, 74 AD 3d 1316 [2010]; Larsen v Loychusuk, 55 AD3d 560, 561 [2008]; Sandmann v Shapiro, S3 AD3d 537 [2008])” (Lau v Wan, 93 AD3d 763, 765 [2012]). To rebut a defendant physician’s prima facie showing of his or her entitlement to judgment as a matter of law, the plaintiff must demonstrate the existence of a triable issue of fact through the submission of evidentiary facts or materials (see Zapata v Buitriago, 107 AD3d 977 [2013]; Stukas v Streiter, 83 AD3d 18, 24 [2011]).
“To establish a cause of action [to recover damages] for malpractice based on lack of informed consent, [a] plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury” (Spano v Bertocci, 299 AD2d 335, 337-338 [2002] [internal quotation marks omitted]; see Public Health Law § 2805-d [1]; Magel v John T. Mather Mem. Hosp., 95 AD3d 1081, 1082 [2012]). “General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment” (Rebozo v Wilen, 41 AD3d 457, 458 [2007]; see Flanagan v Catskill Regional Med. Ctr., 65 AD3d 563, 565 [2009]).
Here, the defendant met his prima facie burden of establishing his entitlement to judgment as a matter of law dismissing the cause of action to recover damages for medical malpractice by submitting a detailed expert affirmation that was based on the medical records, demonstrating that the surgery that he performed was in accordance with good and accepted standards of medical practice (see Mitchell v Lograno, 108 AD3d 689, 692-693 [2013]; Poter v Adams, 104 AD3d 925, 926 [2013]; Di-Geronimo v Fuchs, 101 AD3d 933, 936 [2012]; Olgun v Cipolla, 82 AD3d 1186, 1187 [2011]; Smith-Johnson v Gabbur, 65 AD3d 1122, 1124 [2009]). The defendant also made a prima facie show *967 ing of his entitlement to judgment as a matter of law dismissing the cause of action to recover damages for medical malpractice based on lack of informed consent through the affirmation of his expert, and documentary evidence including the written consent form signed by the injured plaintiff, which demonstrated that he did not fail to obtain the injured plaintiff’s informed consent to the surgery (see Public Health Law § 2805-d; Zapata v Buitriago, 107 AD3d 977 [2013]; Matos v Schwartz, 104 AD3d 650, 652 [2013]; Johnson v Staten Is. Med. Group, 82 AD3d 708, 709 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact (see Lau v Wan, 93 AD3d at 765). Since the plaintiffs’ medical expert’s affirmation was conclusory, speculative, and without basis in the record, it was insufficient to raise a triable issue of fact (see Matos v Schwartz, 104 AD3d at 652; DiGeronimo v Fuchs, 101 AD3d at 936; Lahara v Auteri, 97 AD3d 799, 799-800 [2012]; Lau v Wan, 93 AD3d at 765; Andreoni v Richmond, 82 AD3d 1139, 1140 [2011]).
The plaintiffs’ remaining contentions are either improperly raised for the first time on appeal (see Marinkovic v IPC Intl, of Ill., 95 AD3d 839 [2012]; Ross v Gidwani, 47 AD3d 912 [2008]) or without merit.
Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Dillon, J.E, Chambers, Austin and Hinds-Radix, JJ., concur. [Prior Case History: 2011 NY Slip Op 32628(U).]