In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated May 24, 2012, which granted the separate motions of the defendants for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is affirmed, with one bill of costs.
The requisite elements of proof in a medical malpractice action are a deviation or departure from the accepted standard of care and evidence that the deviation or departure was a proximate cause of injury or damage (see Lau v Wan, 93 AD3d 763, 765 [2012]; Stukas v Streiter, 83 AD3d 18, 23 [2011]; Castro v New York City Health & Hosps. Corp., 74 AD3d 1005, 1006 [2010]; Deutsch v Chaglassian, 71 AD3d 718, 719 [2010]; Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842 [2008]). Accordingly, a defendant “moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure or that any departure was not a proximate cause of the plaintiffs injuries” (Gillespie v New York Hosp. Queens, 96 AD3d 901, 902 [2012]; see Williams v Bayley Seton Hosp., 112 AD3d 917, 917 [2013]; Arocho v D. Kruger, P.A., 110 AD3d 749, 749 [2013]; Faicco v Golub, 91 AD3d 817, 818 [2012]; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The plaintiff may then defeat the motion by submitting proof raising a triable issue of fact as to the element or elements on which the defendant has made its prima facie showing (see Stukas v Streiter, 83 AD3d at 24). “General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment” (DiMitri v Monsouri, 302 AD2d 420, 421 [2003]).
Here, in support of their respective motions for summary *820 judgment dismissing the complaint insofar as asserted against each of them, the defendants submitted expert affirmations that established, prima facie, that neither defendant departed from good and accepted standards of medical practice in their treatment of the decedent. In any event, both defendants established, prima facie, that any departure was not a proximate cause of the decedent’s injuries or her eventual death, nor a substantial factor in aggravating her pre-existing condition (see Arocho v D. Kruger, P.A., 110 AD3d at 749; Khosrova v Westermann, 109 AD3d 965, 966 [2013]; McKenzie v Clarke, 77 AD3d 637, 638 [2010]; Sheenan-Conrades v Winifred Masterson Burke Rehabilitation Hosp., 51 AD3d 769, 770 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiffs contention, his medical expert’s affidavit, submitted in opposition to both motions, was conclusory, speculative, and without basis in the record, and, therefore, it was insufficient to raise a triable issue of fact (see Khosrova v Westermann, 109 AD3d at 967; Matos v Schwartz, 104 AD3d 650, 652 [2013]; DiGeronimo v Fuchs, 101 AD3d 933, 936 [2012]; Lahara v Auteri, 97 AD3d 799, 799-800 [2012]).
Accordingly, the Supreme Court properly granted the defendants’ separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
Dillon, J.E, Hall, Austin and Sgroi, JJ., concur.