■ BENITO GIACINTO, Individually and as Administrator of the Estate of LUCIA GIACINTO, Deceased, Appellant, v GEORGE SHAPIRO, M.D., et al., Respondents, et al., Defendants. [59 NYS3d 42]—

In an action to recover damages for medical malpractice, etc., the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Jamieson, J.), dated January 6, 2014, as granted the separate motions of the defendant George Shapiro, the defendants Jeffrey Shapiro and Sadia Saboor, the defendant Jonas A. Leibowitz, and the defendant Michael Morelli for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

" 'In an action sounding in medical malpractice, a defendant moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the plaintiff's injuries' " (*Guctas v Pessolano*, 132 AD3d 632, 633 [2015], quoting *Matos v Khan*, 119 AD3d 909, 910 [2014]; *see Poter v Adams*, 104 AD3d 925, 926 [2013]; *Salvia v St. Catherine of Sienna Med. Ctr.*, 84 AD3d 1053, 1053-1054 [2011]; *Heller v Weinberg*, 77 AD3d 622, 622-623 [2010]). Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements as to which the defendant met the prima facie burden (*see Guctas v Pessolano*, 132 AD3d at 633; *Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d 819, 819-820 [2014]; *Poter v Adams*, 104 AD3d at 926; *Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]). " 'General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat summary judgment' " (*Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d at 819, quoting *DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]).

Here, in support of their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them, the moving defendants submitted expert affirmations that established, prima facie, that none of them departed from good and accepted standards of medical practice in their treatment of the plaintiff's decedent (*see Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d at 820; *Arocho v D. Kruger, P.A.*, 110 AD3d 749 [2013]; *Khosrova v Westermann*, 109 AD3d 965, 966 [2013]; *Sheenan-Conrades v Winifred Masterson Burke Rehabilitation Hosp.*, 51 AD3d 769, 770 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the

plaintiff's contention, his medical expert's affidavit, submitted in opposition to all the motions, was conclusory, speculative, and without basis in the record, and, therefore, it was insufficient to raise a triable issue of fact (see *Mitchell v Grace Plaza of Great Neck, Inc.*, 115 AD3d at 820; *Khosrova v Westermann*, 109 AD3d at 967; *Matos v Schwartz*, 104 AD3d 650, 652 [2013]; *DiGeronimo v Fuchs*, 101 AD3d 933, 936 [2012]; *Lahara v Auteri*, 97 AD3d 799, 799-800 [2012]).

Accordingly, the Supreme Court properly granted the moving defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.