◼ VIVIANA QUILLE, Individually and as Mother and Natural Guardian of NICANUR MEJIA, an Infant, Appellant, v NEW YORK CITY HEALTH AND HOSPITAL CORPORATION et al., Respondents, et al., Defendants. [59 NYS3d 131]—

Appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered February 3, 2015. The order, insofar as appealed from, granted the motion of the defendants New York City Health and Hospital Corporation, Sherif Mohamod Sadawy, Johanna Zea-Hernandez, Lawrence Noble, Rogers, Pesci, Bohn, Eric Bergh, and Patricia Power for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, as mother and natural guardian of her infant child and individually, commenced this action against, among others, the defendants New York City Health and Hospital Corporation, Sherif Mohamod Sadawy, Johanna Zea-Hernandez, Lawrence Noble, Rogers, Pesci, Bohn, Eric Bergh, and Patricia Power (hereinafter collectively the defendants) alleging medical malpractice regarding the care the defendants provided during and after her pregnancy with her child. The plaintiff alleged that as a result of the defendants' medical malpractice, the child was belatedly diagnosed with Ornithine transcarbamylase deficiency, a rare X-linked genetic metabolic disorder. The defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. The Supreme Court granted the defendants' motion. The plaintiff appeals.

The Supreme Court properly granted that branch of the de-

fendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against Bergh. "A resident who assists a doctor during a medical procedure, and who does not exercise any independent medical judgment, cannot be held liable for malpractice so long as the doctor's directions did not so greatly deviate from normal practice that the resident should be held liable for failing to intervene" (*Soto v Andaz*, 8 AD3d 470, 471 [2004]; *see Poter v Adams*, 104 AD3d 925, 927 [2013]). Here, the defendants made a prima facie showing that Bergh was a resident under the supervision of an attending physician at the relevant time, and that the attending physician did not so greatly deviate from normal practice that Bergh should be liable for failing to intervene (*see Bellafiore v Ricotta*, 83 AD3d 632, 633 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.

The Supreme Court also properly granted that branch of the defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against the remaining defendants. "The requisite elements of proof in a medical malpractice action are a deviation or departure from accepted community standards of practice, and evidence that such deviation or departure was a proximate cause of injury or damage" (*Castro v New York City Health & Hosps. Corp.*, 74 AD3d 1005, 1006 [2010]). "On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby" (*Leavy v Merriam*, 133 AD3d 636, 637 [2015]). In opposition, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact (*see Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting expert affirmations demonstrating that they did not deviate or depart from accepted medical practice or proximately cause the child's injuries (*see Hernandez v Nwaishienyi*, 148 AD3d 684 [2017]). In opposition, the plaintiff submitted expert affirmations that failed to set forth the applicable standards of care or lay the requisite foundation for the experts' asserted familiarity with the applicable standards of care (*see Ross-Germain v Millennium Med. Servs., P.C.*, 144 AD3d 658, 659 [2016]; *Tomeo v Beccia*, 127 AD3d 1071, 1072 [2015]; *Behar v Coren*, 21 AD3d 1045, 1047 [2005]). Accordingly, the plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing. Mastro, J.P., Leventhal, Miller and Brathwaite Nelson, JJ., concur.