Noble v Kingsbrook Jewish Med. Ctr. (2019 NY Slip Op 00608)





Noble v Kingsbrook Jewish Med. Ctr.


2019 NY Slip Op 00608


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-00772
 (Index No. 501942/12)

[*1]Dermot Noble, etc., respondent, 
v
Kingsbrook Jewish Medical Center, defendant, Eli Bryk, etc., appellant.


Dopf, P.C., New York, NY (Martin B. Adams of counsel), for appellant.
Rosenbaum & Rosenbaum, P.C., New York, NY (Craig B. Novak, Matthew Gammons, and Kevin Johnson of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for wrongful death based upon medical malpractice, the defendant Eli Bryk appeals from an order of the Supreme Court, Kings County (Gloria A. Dabiri, J.), dated June 20, 2016. The order, insofar as appealed from, denied the motion of the defendant Eli Bryk for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Eli Bryk for summary judgment dismissing the complaint insofar as asserted against him is granted.
On July 30, 2010, the plaintiff's decedent, a 66-year-old woman who suffered from several health issues, including hypertension and anemia, underwent total right knee replacement surgery. The surgery was performed by the defendant Eli Bryk (hereinafter the defendant) at the defendant Kingsbrook Jewish Medical Center (hereinafter Kingsbrook). The surgery was completed without issue. The defendant prescribed 30 milligrams of Lovenox, twice a day, as a prophylactic anticoagulant to prevent deep vein thrombosis (hereinafter DVT). The decedent remained hospitalized at Kingsbrook and was, at all pertinent times, in stable condition. However, on August 4, 2010, the decedent suffered a pulmonary embolism caused by DVT in her lower extremities and died.
In July 2012, the plaintiff, as administrator of the decedent's estate, commenced this action against the defendant and Kingsbrook alleging, inter alia, that the decedent's medical history placed her at "high risk" for developing DVT, and that the defendant departed from accepted medical practice by failing to prescribe the proper dosage of Lovenox and failing to prescribe "[DVT] prophylaxis." The defendant moved, and Kingsbrook separately moved, for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff submitted an expert affirmation from a physician in opposition to the motions. By order dated June 20, 2016, the Supreme Court granted Kingsbrook's motion and denied the defendant's motion. The defendant appeals.
We disagree with the Supreme Court's determination that the defendant failed to establish his prima facie entitlement to judgment as a matter of law. " The requisite elements of [*2]proof in a medical malpractice action are a deviation or departure from accepted community standards of practice and evidence that such departure was a proximate cause of injury or damage'" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 960, quoting Geffner v North Shore Univ. Hosp., 57 AD3d 839, 842; see Weingarten v St. Vincent's Hosp. & Med. Ctr., 148 AD3d 1211, 1212). To prevail on a motion for summary judgment in a medical malpractice action, a defendant must establish, prima facie, "either that there was no departure or that any departure was not a proximate cause of the plaintiff's injuries" (Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d at 960; see Burger v Das, 159 AD3d 667, 668; Spiegel v Beth Israel Med. Center-Kings Hwy. Div., 149 AD3d 1127, 1128). If such a showing has been made, "a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Deutsch v Chaglassian, 71 AD3d 718, 719; see Giacinto v Shapiro, 151 AD3d 1029, 1030; Kerrins v South Nassau Communities Hosp., 148 AD3d 795).
Here, the defendant made a prima facie showing that he did not depart from the accepted standard of care in his treatment of the decedent through the submission of the expert affirmation of Howard Luks, an orthopaedic surgeon, the decedent's medical records, and the defendant's deposition testimony (see Hernandez v Nwaishienyi, 148 AD3d 684, 686; Feuer v Ng, 136 AD3d 704, 706-707; Lopez v Gramuglia, 133 AD3d 424, 425; Matos v Khan, 119 AD3d 909, 910). Specifically, Luks opined that the use of Lovenox to prevent the decedent from developing DVT, and the dosage prescribed by the defendant, was appropriate and consistent with the accepted standards of care for an orthopaedic surgeon treating a patient following knee replacement surgery. The record demonstrates that the defendant prescribed a postoperative prophylactic anticoagulant at the recommended dosage to prevent DVT. The record further demonstrates that the decedent exhibited no symptoms of DVT until five days after the surgery, when she suffered a fatal pulmonary embolism. Furthermore, Luks's affirmation addressed the alleged departures set forth in the plaintiff's bill of particulars (see Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc., 157 AD3d 773, 774; Henry v Sunrise Manor Ctr. for Nursing & Rehabilitation, 147 AD3d 739, 740). Contrary to the Supreme Court's statement, the plaintiff never claimed that the defendant departed from accepted standards of care by failing to use "non-drug related DVT prophylaxis."
In opposition, the plaintiff failed to raise a triable issue of fact through the affirmation of his expert. "While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field, the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (Postlethwaite v United Health Servs. Hosps., 5 AD3d 892, 895 [citations and internal quotation marks omitted]; see Reid v Soults, 138 AD3d 1087, 1091; Bongiovanni v Cavagnuolo, 138 AD3d 12, 18). "Thus, where a physician provides an opinion beyond his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (Lavi v NYU Hosps. Ctr., 133 AD3d 830, 831). Here, the plaintiff's expert, who specialized in forensic pathology, did not indicate that he had any specific training or expertise in orthopaedic surgery, or prophylactic anticoagulation treatment to prevent DVT, and failed to "set forth how he was, or became, familiar with the applicable standards of care in this specialized area of practice" (id. at 831; see Galluccio v Grossman, 161 AD3d 1049, 1052; Tsitrin v New York Community Hosp., 154 AD3d 994, 996; DiLorenzo v Zaso, 148 AD3d 1111, 1115; Feuer v Ng, 136 AD3d at 707).
In any event, the affirmation of the plaintiff's expert failed to set forth what treatment was required by the applicable standards of care regarding DVT prophylaxis (see Quille v New York City Health & Hosp. Corp., 152 AD3d 808, 809). Moreover, while the defendant's expert did not address whether the decedent was at an increased risk for developing DVT as a result of her anemia, the plaintiff's expert did not indicate that anemia was a risk factor for DVT. Therefore, the plaintiff's expert's affirmation was of no probative value and failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court