Palagye v Loulmet (2022 NY Slip Op 01302)





Palagye v Loulmet


2022 NY Slip Op 01302


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-04688 
2019-04691
2019-11919
2019-12442
 (Index No. 23499/09)

[*1]Eugene Palagye, appellant, 
v
Didier F. Loulmet, et al., respondents, et al., defendants.


Silberstein, Awad & Miklos, P.C., Garden City, NY (Veronica K. Sewnarine and Joseph Awad of counsel), for appellant.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondent Didier F. Loulmet.
Bower Law PC, Uniondale, NY (Anina H. Monte of counsel), for respondent Dennis Miller.
Vardaro & Associates, LLP, Smithtown, NY (Kathleen Fugelsang of counsel), for respondents Guillermo A. San Roman and Long Island Cardiovascular Medical Associates.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated February 21, 2019, (2) an order of the same court also dated February 21, 2019, (3) an order of the same court also dated February 21, 2019, and (4) an order of the same court dated October 10, 2019. The first order dated February 21, 2019, granted the motion of the defendants Guillermo A. San Roman and Long Island Cardiovascular Medical Associates for summary judgment dismissing the complaint insofar as asserted against them. The second order dated February 21, 2019, granted the motion of the defendant Dennis Miller for summary judgment dismissing the complaint insofar as asserted against him. The third order dated February 21, 2019, insofar as appealed from, in effect, granted that branch of the motion of the defendant Didier F. Loulmet which was for summary judgment dismissing so much of the medical malpractice cause of action as was predicated on that defendant's discontinuance of the plaintiff's aspirin therapy. The order dated October 10, 2019, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew his opposition to the motion of the defendants Guillermo A. San Roman and Long Island Cardiovascular Medical Associates for summary judgment dismissing the complaint insofar as asserted against them, the motion of the defendant Dennis Miller for summary judgment dismissing the complaint insofar as asserted against him, and that branch of the motion of the defendant Didier F. Loulmet which was for summary judgment dismissing so much of the medical malpractice cause of action as was predicated on that defendant's discontinuance of the plaintiff's aspirin therapy.
ORDERED that the first and second orders dated February 21, 2019, are affirmed; and it is further,
ORDERED that the third order dated February 21, 2019, and the order dated October 10, 2019, are affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
On August 9, 2006, the plaintiff underwent an aortic valve replacement surgery, which was performed by the defendant Didier F. Loulmet. For this procedure, Loulmet utilized a bioprosthetic replacement valve. On August 16, 2006, while recovering from the surgery, the plaintiff was diagnosed with and treated for a methicillin-resistant staphylococcus aureus (hereinafter MRSA) infection. On August 22, 2006, the plaintiff underwent an aortic root replacement surgery, during which the bioprosthetic valve was removed and replaced with a homograft valve. The defendant Dennis Miller first provided treatment for the plaintiff's MRSA infection on August 16, 2006, and provided additional treatment in August 2006 through October 2006, and January through April 2007.
On January 18, 2007, the plaintiff underwent an aortic valve and root replacement surgery, which was performed by Loulmet. For this procedure, Loulmet utilized a homograft valve. In September 2007, the plaintiff presented at Good Samaritan Hospital, where it was determined that he had suffered a stroke. The defendant Guillermo A. San Roman, a cardiologist employed by the defendant Long Island Cardiovascular Medical Associates (hereinafter LICMA), treated the plaintiff from May 2006 through July 2006, in December 2006, and from April 2007 to April 2008.
In June 2009, the plaintiff commenced this action to recover damages for medical malpractice and lack of informed consent against, among others, San Roman and LICMA (hereinafter together the LICMA defendants), Miller, and Loulmet. Following the completion of discovery, the LICMA defendants, Miller, and Loulmet separately moved for summary judgment dismissing the complaint insofar as asserted against each of them.
In an order dated February 21, 2019, the Supreme Court granted the LICMA defendants' motion, and in a separate order dated February 21, 2019, the court granted Miller's motion. The plaintiff appeals from both orders. In a separate order dated February 21, 2019, the court, in effect, granted that branch of Loulmet's motion which was for summary judgment dismissing so much of the medical malpractice cause of action as was predicated on Loulmet's discontinuance of the plaintiff's aspirin therapy in March 2007, and otherwise denied Loulmet's motion. The plaintiff appeals from so much of this order as, in effect, awarded partial summary judgment to Loulmet.
The plaintiff subsequently moved, inter alia, for leave to renew his opposition to the LICMA defendants' motion, Miller's motion, and that branch of Loulmet's motion which was for summary judgment dismissing so much of the medical malpractice cause of action as was predicated on Loulmet's discontinuance of the plaintiff's aspirin therapy. In an order dated October 10, 2019, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for leave to renew. The plaintiff appeals from this order.
On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries (see Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863; Wiater v Lewis, 197 AD3d 782; Pirri-Logan v Pearl, 192 AD3d 1149). In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars (see Wiater v Lewis, 197 AD3d at 783; Huichun Feng v Accord Physicians, PLLC, 194 AD3d 795; Pirri-Logan v Pearl, 192 AD3d at 1150).
To establish a cause of action to recover damages for malpractice based on lack of informed consent, a plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the actual procedure performed for which there was no informed consent was the proximate cause of the injury (see Public Health Law § 2805-d; Schussheim v Barazani, 136 AD3d 787, 789).
Here, the LICMA defendants established their prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action insofar as asserted against them through the affidavit of their expert, who opined that San Roman did not depart from accepted standards of care in the treatment of the plaintiff, and any alleged departures were not a proximate cause of the plaintiff's alleged injuries (see Mellon v Ribaudo,199 AD3d 675; Maestri v Pasha, 198 AD3d 632; Pinnock v Mercy Med. Ctr., 180 AD3d 1088). Moreover, the affidavit of the LICMA defendants' expert established their entitlement to judgment as a matter of law dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against them. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted their motion for summary judgment dismissing the complaint insofar as asserted against them.
Miller established his prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action insofar as asserted against him through the affirmation of his expert, who opined that Miller did not depart from accepted standards of care in the treatment of the plaintiff, and any alleged departures were not a proximate cause of the plaintiff's alleged injuries. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the Supreme Court properly disregarded the theory advanced by the plaintiff's expert that Miller was negligent in treating the plaintiff with Zyvox, as that theory constituted a new theory not discernable from the pleadings, and, therefore, was improperly raised for the first time in opposition to Miller's motion (see Larcy v Kamler, 185 AD3d 564, 566).
Further, Miller established his prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for lack of informed consent insofar as asserted against him through the affirmation of his expert (see Public Health Law § 2805-d[2]; Connelly v Warner, 248 AD2d 941; see also Ortiz v Vernenkar, 101 AD3d 637). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted Miller's motion for summary judgment dismissing the complaint insofar as asserted against him.
Loulmet established his prima facie entitlement to judgment as a matter of law dismissing so much of the medical malpractice cause of action as was predicated on his alleged negligence in discontinuing aspirin therapy for the plaintiff in March 2007. Loulmet submitted, among other things, an affirmation of his expert, who is board certified in surgery and thoracic surgery, completed a fellowship in cardiothoracic surgery at North-Shore University Hospital from 1976 to 1978, and served as an attending physician in the Department of Cardiothoracic Surgery at both New York Hospital Medical Center of Queens (February 2001 to August 2017) and New York Presbyterian Hospital-Weill Medical College at Cornell University (February 2001 to October 2016). In his affirmation, Loulmet's expert, based upon his review of the plaintiff's medical records, acknowledged that on August 9, 2006, Loulmet performed an aortic valve replacement surgery on the plaintiff using a bioprosthetic replacement valve. Loulmet's expert also acknowledged that on August 22, 2006, the defendant Nirav C. Patel, assisted by nonparty George Tolis, performed an aortic root replacement surgery with a homograft valve, and that on January 18, 2007, Loulmet performed a third aortic valve and root replacement surgery on the plaintiff using a homograft valve. Based upon his experience and these undisputed facts, Loulmet's expert opined within a reasonable degree of medical certainty that it was appropriate for Loulmet to discontinue the plaintiff's aspirin therapy on March 5, 2007, after the plaintiff's third aortic valve replacement surgery, and that the [*2]discontinuance of the aspirin therapy was not related to the stroke the plaintiff suffered.
In opposition, the plaintiff failed to raise a triable issue of fact as to whether Loulmet deviated from the standard of care by discontinuing the plaintiff's aspirin therapy in March 2007. In their separate affidavits, the plaintiff's experts in cardiology and vascular neurology opined that Loulmet violated the standard of care by discontinuing aspirin therapy. However, both experts based their opinion on the incorrect assumption that the plaintiff underwent three bioprosthetic valve replacement procedures, whereas the record establishes that the aortic root replacement procedure that occurred on August 22, 2006, and the aortic valve and root replacement procedure that occurred on January 18, 2007, were performed with homograft valves and not bioprosthetic valves. Therefore, these experts' opinions, which are unsupported by any evidentiary foundation, were insufficient to raise a triable issue of fact (see Diaz v New York Downtown Hosp., 99 NY2d 542; Mitchell v Grace Plaza of Great Neck, Inc., 115 AD3d 819; Khosrova v Westermann, 109 AD3d 965). Accordingly, the Supreme Court properly, in effect, granted that branch of Loulmet's motion which was for summary judgment dismissing so much of the medical malpractice cause of action as was predicated on Loulmet's discontinuance of the plaintiff's aspirin therapy.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew his opposition to the LICMA defendants' motion, Miller's motion, and that branch of Loulmet's motion which was for summary judgment dismissing so much of the medical malpractice cause of action as was predicated on Loulmet's discontinuance of the plaintiff's aspirin therapy. The plaintiff failed to set forth a reasonable justification for his failure to present the alleged new facts in opposition to the prior motions (see CPLR 2221[e]; Ravnikar v Skyline Credit-Ride, Inc., 79 AD3d 1118, 1120).
CHAMBERS, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court